J-S07003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE DENTON MARTIN, | |
| Appellant | No. 1441 MDA 2014 |

Appeal from the PCRA Order Entered July 24, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004746-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 11, 2015**

Appellant, George Denton Martin, appeals from the post-conviction court's July 24, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, MaryJean Glick, Esq., has filed a petition to withdraw from representing Appellant, along with an **Anders**[1] brief. While a **Turner/Finley**[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Glick's **Anders** brief in lieu of a **Turner/Finley** no-merit letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011)

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition, and grant Attorney Glick's petition to withdraw.

On February 27, 2013, Appellant entered a negotiated guilty plea to indecent assault of a person less than 13 years of age, involuntary deviate sexual intercourse with a child, corruption of minors, and unlawful contact with a minor. Pursuant to the plea agreement, Appellant was sentenced to an aggregate term of 8 to 20 years' incarceration. Appellant did not file a direct appeal.

Instead, on March 25, 2014, Appellant filed a counseled PCRA petition presenting multiple claims of plea counsel's ineffectiveness.[3] On May 21, 2014, the PCRA court held an evidentiary hearing, at which Appellant and his plea counsel, Raymond Tarnowski, Esq., testified. On July 24, 2014, the PCRA court entered an order, accompanied by a detailed opinion, denying Appellant's petition. Attorney Glick subsequently entered her appearance on Appellant's behalf and filed a timely notice of appeal. However, on October 30, 2014, Attorney Glick filed with this Court a petition to withdraw as counsel and an *Anders* Brief, asserting that Appellant had no non-frivolous issues to raise on appeal. Again, as a *Turner/Finley* letter is the

_____

[3] When Appellant filed his PCRA petition, and at the subsequent PCRA hearing, he was represented by Joseph A. Kalasnik, Esq.

- 2 -

appropriate filing when PCRA counsel seeks to withdraw, we will assess Attorney Glick's petition to withdraw and *Anders* brief under the dictates of *Turner/Finley*.

In *Turner*, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" *Turner*, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in *Finley*, were updated by this Court in *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),[4] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the

---

[4] In *Pitts*, our Supreme Court abrogated *Friend* "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." *Pitts*, 981 A.2d at 879. In this case, Attorney Glick filed her petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

We have received Attorney Glick's petition to withdraw and a brief that we will treat as her no-merit letter. On pages 8 through 22 of her no-merit letter, Attorney Glick discusses the ineffectiveness claims Appellant raised in his PCRA petition, and explains why those claims are without merit. Additionally, in her petition, Attorney Glick has sufficiently evidenced the nature and extent of her review. She has also forwarded to Appellant a copy of her petition to withdraw and no-merit letter. Finally, Attorney Glick advised Appellant that he has the right to proceed with this appeal *pro se* or to hire new counsel. Therefore, we conclude that Attorney Glick has complied with the above-stated requirements for withdrawal.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. Therein, Appellant raised multiple ineffectiveness claims, including assertions that (1) plea counsel failed to properly investigate the case and potential defenses, and review that information with Appellant, prior to advising Appellant to enter a guilty plea; (2) plea counsel did not sufficiently investigate Appellant's history of depression and attention deficit hyperactivity disorder

(ADHD), which precluded Appellant from entering a voluntary, knowing, and intelligent plea; and (3) plea counsel failed to "understand and compensate for [Appellant's] naiveté as a traditional Mennonite regarding the court system and how [Appellant's] rights would be affected by various courses of conduct in the case[.]" PCRA Petition, 3/25/14, at 3-4 (unpaginated).

Appellant further claimed that he was extremely ill in the days leading up to the plea hearing, and that he also experienced "additional trauma" during that period because he was charged with other offenses and "incarcerated for the first time in his life…." *Id.* at 5 (unpaginated). Appellant argued that due to his illness and being charged with additional offenses, he asked his counsel to seek a continuance of the plea proceeding, but counsel refused. *Id.* Consequently, Appellant entered his plea simply "so he could obtain the rest and treatment that he required for his physical and mental condition[,]" resulting in an invalid plea. *Id.* at 6 (unpaginated). Appellant maintained that due to plea counsel's conduct in these regards, his guilty plea was invalid.

We have reviewed the certified record, the applicable law, and the thorough opinion of the Honorable Donald R. Totaro of the Court of Common Pleas of Lancaster County. Judge Totaro's well-reasoned decision accurately addresses the claims of ineffectiveness raised by Appellant in his PCRA petition, as well as the validity of Appellant's guilty plea as a whole. We conclude that Judge Totaro's determination that Appellant is not entitled to post-conviction relief is supported by the record and is free of legal error.

***See Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) ("Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error."). Accordingly, we adopt Judge Totaro's opinion as our own and affirm the order denying Appellant's PCRA petition on the grounds set forth therein. We also grant Attorney Glick's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015